UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ | ) | |
| MARTIN SANCHEZ-ALANIZ, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 13-1812 (EGS) |
|  | ) | |
| FEDERAL BUREAU OF | ) | |
| PRISONS, *et al.*, | ) | |
|  | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate in the custody of the Federal Bureau of Prisons ("BOP" or "defendant"), brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552. Now before the Court is defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [ECF No. 15]. Because defendant has submitted and the Court has considered matters outside of the pleadings, the motion is treated as one for summary judgment. For the reasons discussed below, the motion will be denied without prejudice.

I. The BOP's Search for Records Responsive to FOIA Request No. 2013-10877

Upon receipt of a request under the FOIA, an agency generally must search its records for responsive documents. *See* 5 U.S.C. § 552(a)(3)(A). An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (citations and internal quotation marks omitted). To meet its burden,

the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of its search.  *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA.  *Id*. at 127.  On the other hand, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990); *see also Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).

Plaintiff seeks a "report issued by the Special Investigative Service on or about May 2013[,] June 2013 or July 2013 . . . at Atwater United States Penitentiary" regarding plaintiff.  Compl., Ex. D (Letter to Office of the General Counsel, BOP, from plaintiff dated August 6, 2013).  The BOP's declarant explains that "SIS records remain at the originating institution," Mem. of P. & A. in Support of Defs.' Mot. to Dismiss, or in the Alternative, for Summ. J. ("Defs.' Mem."), Vickers Decl. ¶ 11, and that the BOP's Central Office assigned plaintiff's FOIA request to the Western Regional Counsel's Office ("WXRO"), *id*., Vickers Decl. ¶ 21.  This declarant further states that "FOIA Request No. 2013-10877 was processed by the FOIA technician at the WXRO," that the technician "acknowledged receipt of five responsive pages from USP Atwater SIS," and that the technician "immediately released five pages to Inmate Sanchez-Alaniz free of charge." *Id*. ¶ 22.  Missing from the declaration is any description of the search itself.  The declarant neither identifies which files were searched, nor explains why particular files were searched, nor describes how the files were searched.  The declaration is vague and conclusory, and it does not explain adequately the scope and method of the BOP's search.

II. Exemption 7(F)

Exemption 7(F) protects from disclosure information contained in law enforcement records that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F).  "While [C]ourts generally have applied Exemption 7(F) to protect law enforcement personnel or other specified third parties, by its terms, the exemption is not so limited; it may be invoked to protect 'any individual' reasonably at risk of harm." *Long v. U.S. Dep't of Justice*, 450 F. Supp. 2d 42, 79 (D.D.C. 2006) (quoting 5 U.S.C. § 552(b)(7)(F)). The agency need not "specifically identify the individuals who would be endangered." *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 777 F.3d 518, 520 (D.C. Cir. 2015). "In reviewing claims under [E]xemption 7(F), courts have inquired whether there is some nexus between disclosure and possible harm and whether the deletions were narrowly made to avert the possibility of such harm." *Antonelli v. Fed. Bureau of Prisons*, 623 F. Supp. 2d 55, 58 (D.D.C. 2009) (citing *Albuquerque Pub. Co. v. U.S. Dep't. of Justice*, 726 F. Supp. 851, 858 (D.D.C. 1989)).

According to a second declarant, the BOP applies Exemption 7(F) to withhold "portions of the [Inmate Investigation Report] in this case in conjunction with [Exemption 7(C)] because of strong indications that there was a reasonable likelihood that a threat of harm could be posed to certain individuals should the withheld material be released." Defs.' Mem., Ochoa Decl. ¶ 21. She further states that "[a] reasonable likelihood that there was a threat of harm to BOP SIS employees and inmates could be inferred from the facts and circumstances evident in the document[] in question." *Id.*  This description is vague and conclusory.  Based on the BOP's

declaration and review of the redacted Inmate Investigation Report, there is no apparent connection between disclosure and possible harm to SIS employees or to inmates.

The BOP has not demonstrated that its search for records responsive to FOIA Request No. 2013-10877 was reasonable or that its reliance on Exemption 7(F) is proper. Accordingly, it is hereby

ORDERED that defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [ECF No. 15] is DENIED WITHOUT PREJUDICE. It is further

ORDERED that plaintiff's Motion to Rule [26] is DENIED, and that his Motion for Leave to File [28] is GRANTED.

SO ORDERED.

DATE: March 28, 2015                         /s/
                                                          EMMETT G. SULLIVAN
                                                          United States District Judge